UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                  )
                                        )
LEE ANDREW HILGARTNER                   )    Case No. 20-10695-BFK
                                        )    Chapter 13
                                        )
         Debtor.                        )
_____)

**MEMORANDUM OPINION AND
ORDER OVERRULING DEBTOR'S OBJECTIONS
TO CLAIM NO. 1-1 (YASUKO YAGI)**

This matter is before the Court on the Debtor's Objections to Proof of Claim No. 1, filed by Yasuko Yagi. Docket No. 23. Ms. Yagi filed an Opposition. Docket No. 35. The Debtor filed a Reply Memorandum. Docket No. 36. The Court heard the parties' arguments on July 30, 2020. For the reasons stated below, the Court will overrule the Debtor's Objections to Ms. Yagi's claims.

**Findings of Fact**

The Court makes the following findings of fact:

*A. The Settlement Agreement.*

1.  On or about July 5, 2013, Ms. Yagi and the Debtor, Lee Andrew Hilgartner, entered into a Settlement Agreement. Ms. Yagi signed the Agreement on April 25, 2013; Mr. Hilgartner signed on July 5, 2013. Proof of Claim No. 1-1, Settlement Agreement and Mutual Release.

2.  The Agreement recites that on or about April 23, 2010, Ms. Yagi "was injured during an incident that involved an altercation between the parties." *Id.*, p. 1. The Agreement

1

further states that on May 8, 2010, Ms. Yagi "was again injured due to certain contact between her and Lee Andrew Hilgartner." *Id.*

3. The Agreement refers to a writing dated June 7, 2010, in which Mr. Hilgartner purportedly "acknowledged his factual and legal responsibility for his infliction of Yasuko Yagi's injuries." Mr. Hilgartner apologized for his conduct in the Agreement. *Id.*

4. Under the terms of the Agreement, Mr. Hilgartner agreed to pay Ms. Yagi a total of $415,000.00, some of which was payable to her attorneys, in monthly installments. *Id.*, pp. 1-2.

5. The Agreement required Mr. Hilgartner to maintain life insurance to secure the monthly payments. *Id.*, pp. 3-5, § 3.

6. The Agreement also contained mutual releases of claims, as well as a confidentiality provision. *Id.*, pp. 5-6, §§ 4, 5.

B. *The Lawsuit in U.S. District Court.*

7. On October 10, 2019, Ms. Yagi filed a Complaint against Mr. Hilgartner in the U.S. District Court for the Eastern District of Virginia, alleging that Mr. Hiltgartner defaulted in his payments under the Settlement Agreement. *Yagi v. Hilgartner*, Civil No. 1:19-cv-1305-RDA-TCB (E.D. Va. Oct. 10, 2019).

8. Ms. Yagi moved for the entry of a default judgment against Mr. Hilgartner. *Id.*, Docket Nos. 11, 12, 13. The Motion was set for a hearing on March 6, 2020.

9. The case in the District Court was stayed by the filing of Mr. Hilgartner's bankruptcy case, described below.

*C. The Debtor's Bankruptcy Case.*

10. On March 4, 2020, Mr. Hilgartner filed a Voluntary Petition under Chapter 13 with this Court. Docket No. 1.

11. In his Schedules, Mr. Hilgartner listed Ms. Yagi as an unsecured creditor with a claim in the amount of $353,071.21. Docket No. 1, Schedule F, p. 21.

12. Mr. Hilgartner filed a Chapter 13 Plan under which he proposed to pay $1,250.00 per month for 60 months, for an estimated distribution to his unsecured creditors of 15%. Docket No. 2, Chapter 13 Plan, ¶¶ 2, 5.

13. The Chapter 13 Trustee filed Objections to the Debtor's Plan on the grounds of good faith, disposable income, the liquidation test and feasibility. Docket No. 16.

14. Ms. Yagi also objected to the Debtor's Plan on the ground that it was not proposed in good faith, arguing that her claim was non-dischargeable as a personal injury claim resulting from the Debtor's willful or malicious conduct under 28 U.S.C. § 1328(a)(4). Docket No. 19.

15. The Debtor filed a Response to Ms. Yagi's Objection to his Plan. Docket No. 20. In his Response, the Debtor argued that Ms. Yagi did not have an award of damages as required by Section 1328(a)(4) and that, in in any event, his conduct was neither willful nor malicious. Docket No. 20.

16. The Debtor, through his counsel, conceded that his Plan could not be confirmed for one or more reasons stated by the Trustee (while not conceding Ms. Yagi's Objections), and the Court denied confirmation of the Plan with leave to amend. Docket Nos. 31, 32.

*D. Ms. Yagi's Adversary Proceeding.*

17.     On July 23, 2020, Ms. Yagi filed a Complaint in this Court to determine the dischargeability of the debt owed to her, under 11 U.S.C. § 1328(a)(4) (2018). *Yagi v. Hilgartner*, Adv. Pro. 20-1049-BFK (Bankr. E.D. Va. July 23, 2020).

18.     On August 2, 2020, the Debtor filed a Motion to Dismiss or in the Alternative for Summary Judgment, arguing again that Ms. Yagi does not have an award of damages and, further, that the Settlement Agreement now bars her claim for non-dischargeability. *Id.*, Docket No. 9.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) (allowance or disallowance of claims against the estate) and (I) (determinations as to the dischargeability of certain debts).[1]

### I.  Whether Section 1328(a)(4) Requires a Pre-Petition Judgment.

Section 1328(a)(4) provides that the Debtor is entitled to a discharge upon completion of all payments due under the plan, except for debts:

> for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

11 U.S.C. § 1328(a)(4).

Section 1328(a)(4) differs from a similar Code provision, Section 523(a)(6), in three respects.[2] First, Section 1328(a)(4) requires that damages be "awarded in a civil action," which

---

[1] The Court rejects Ms. Yagi's argument that the Debtor's Objection to her claim requests an advisory opinion. The Debtor's Objection to her claim presents the same legal issues asserted by the Debtor in his Motion to Dismiss the pending adversary proceeding, over which this Court has core jurisdiction. 28 U.S.C. § 157(b)(2)(I).
[2] Section 523(a)(6) does not apply in Chapter 13 cases. 28 U.S.C. § 1328(a)(2).

is not a requirement under Section 523(a)(6). Second, Section 1328(a)(4) uses the term "willful *or* malicious," whereas Section 523(a)(6) employs the conjunctive – "willful *and* malicious" (emphasis added). Finally, Section 1328(a)(4) is limited to personal injury or death claims; Section 523(a)(6) includes willful and malicious injury to property.

The Debtor argues that Ms. Yagi's claim cannot be covered by Section 1328(a)(4) because she did not obtain an award of damages in a civil action before he filed his bankruptcy case. The Debtor's position is supported by two cases: *In re Byrd*, 388 B.R. 875 (C.D. Ill. 2007); and *In re Nuttall*, 2007 WL 128896 (D. N.J. Jan. 11, 2007). Both of these courts relied on what they viewed to be the "plain language" of Section 1328(a)(4) and its use of the word "awarded" as being purportedly employing the past tense. *See In re Byrd*, 388 B.R. at 877("had Congress intended a different meaning, it could easily have worded § 1328(a)(4) to include restitution or damages as being non-dischargeable regardless of the entry of a judgment in a civil proceeding prior to the filing of a Chapter 13 bankruptcy petition.")

Ms. Yagi, on the other hand, argues that a pre-petition award of damages is not necessary, relying on *Buckley v. Taylor (In re Taylor)*, 388 B.R. 115 (M.D. Pa. 2008). The court in *In re Taylor* held:

> The use of the word "awarded" must be examined in the context of the entire phrase. "[A]warded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death or an individual" is long and awkward, but its function in the sentence is simple. It is a past participial phrase that serves as an adjective modifying the nouns "restitution" and "damages." A past participle is simply the form of the verb used in the phrase and does not suggest past action.

*Id.* at 119.

The court in *In re Taylor*, relying on a concession made by the *Nuttall* court, also noted that the position requiring a pre-bankruptcy judgment could lead to absurd results – the debtor's

5

interpretation of the statute effectively "pits a tortfeasor against his victim in a race to the courthouse." *Id*. at 121; *see also In re Nuttall*, 2007 WL 128896, at *3 ("Congress may not have intended for victims of intentional torts to be subject to discharge of their debts where the Debtor beats them in a race to the courthouse . . .").

The Court finds that the holding in *In re Taylor* is the better-reasoned interpretation. First, the use of the term "awarded" does not necessarily require a pre-petition award of damages. The word standing alone could mean either "previously awarded" or "to be awarded," or both. We routinely say in conversation that the date and time for a meeting is "to be determined," and nobody understands the word "determined" to mean that the date and time of the meeting has already been set. Congress did not precede the word "awarded" with the phrase "to be," but at the same time, it did not add the word "pre-petition" after the word awarded.

Congress has set forth with clarity when the pre-petition or post-petition nature of certain debts is determinative of the parties' rights in a bankruptcy case. *See* 11 U.S.C. §§ 507(a)(1)(A) (granting first-priority administrative status to claims for domestic support obligations "that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse"), 1325(a)(8) (court shall confirm a plan only if the debtor is current on domestic support obligations that "first became payable after the date of the filing of the petition"), 1328(a) (requiring for discharge that the debtor file a certification that all domestic support obligations are current "including amounts due before the petition was filed, but only to the extent provided for by the plan"). There is no basis to imply the term "pre-petition" immediately after the word "awarded" in Section 1328(a)(4). While the Court agrees that it should look to the plain meaning of a statute, it also should avoid implying terms in a statute that are not there.

The Court also agrees with the *In re Taylor* court's conclusion that the debtor's interpretation of the statute could lead to absurd results. An aggrieved party could litigate with a tortfeasor for years, only to see him or her file a bankruptcy case on the eve of a jury verdict in a civil case. There is no evidence to suggest that Congress intended to create such a tilted playing field.

Finally, the Debtor argues that any ambiguity in the statute should be construed in favor of his discharge. This is true generally, but when applied in the context of this case, the Court cannot believe that Congress ever consciously chose the policy of favoring the dischargeability of debts over the rights of victims of alleged physical abuse.[3]

The Court finds that Section 1328(a)(4) does not require that damages be awarded in a civil action before a bankruptcy case is filed. In this case, Ms. Yagi's adversary proceeding will provide the vehicle to make that determination.

## II.  Whether the Settlement Agreement Bars Ms. Yagi's Claim.

The Debtor argues in the alternative that because the parties entered into a Settlement Agreement the issue of non-dischargeability is "over," that is, that the allegedly willful or malicious nature of Ms. Yagi's claim essentially has been merged into the Agreement. Docket No. 36, Debtor's Reply Mem., p. 2 ("Ms. Yagi's claim, on the other hand, was settled in 2013. Her *personal injury case* is *over* and any fair chance that the Debtor had to litigate the issue of whether his actions were willful and malicious [sic] are now foreclosed.") (emphasis in original). The Debtor points to Ms. Yagi's action in the District Court for support, which was a breach of

---

[3] The Debtor also claims that he is prejudiced by the lapse of time from the events of 2010 to today. It is not Ms. Yagi's fault, however, that the Debtor apparently paid the monthly installments under the Settlement Agreement for some period of time, then defaulted and filed for bankruptcy.

7

contract action for the Debtor's alleged default under the Settlement Agreement (though this action did not result in a judgment because it was stayed by the Debtors' bankruptcy filing).

The Court finds that the Debtor's argument is precluded by two Supreme Court cases. First, in *Brown v. Felsen,* 442 U.S. 127 (1979), the Court held that a creditor's claim for non-dischargeability due to fraud on a written guaranty was not foreclosed as a matter of res judicata where the creditor had obtained a judgment on the contract, pre-petition. The Court noted that "[c]onsiderations material to discharge are irrelevant to the ordinary collection proceeding," and that applying res judicata against the creditor would require the creditor to litigate "questions to the hilt in order to protect himself against the mere possibility that a debtor might take bankruptcy in the future." *Id.* at 134-35. Although the Debtor in this case does not claim res judicata in defending against Ms. Yagi's claim, the principle is the same – there was no reason for her to assert any claims other than a breach of the Settlement Agreement in her case in the District Court.

Some twenty-four years later, the Supreme Court decided *Archer v. Warner*, 538 U.S. 314 (2003), which squarely rejected the argument that a claim for non-dischargeability is barred by a settlement agreement. In *Archer*, Justice Bryer noted that the result was driven by the Court's prior holding in *Brown v. Felson. Id*. at 320 ("Claim preclusion did not prevent the Bankruptcy Court from looking beyond the record of the state-court proceeding and the documents that terminated that proceeding (the stipulation and consent judgment) in order to decide whether the debt at issue (namely, the debt embodied in the consent decree and stipulation) was a debt for money obtained by fraud.")

The Court went on to hold:

> The only difference we can find between *Brown* and the present case consists of the fact that the relevant debt here is embodied in a settlement, not in a stipulation and consent

judgment. But we do not see how that difference could prove determinative. The disceharsgeability provision applies to all debts that "aris[e] out of" fraud. *Id.*, at 138, 99 S.Ct. 2205; *see also Cohen v. de la Cruz,* 523 U.S. 213, 215, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). A debt embodied in the settlement of a fraud case "arises" no less "out of" the underlying fraud than a debt embodied in a stipulation and consent decree. Policies that favor the settlement of disputes, like those that favor "repose," are neither any more nor any less at issue here than in *Brown.*

*Id.* at 321.

The Court finds that the Debtor's alternative argument, that Ms. Yagi's claim for non-dischargeability of her debt under Section 1328(a)(4) is barred by the Settlement Agreement, is squarely foreclosed by the Supreme Court's decisions in *Brown* and *Archer*.

The Court, therefore, will overrule the Debtor's Objections to Ms. Yagi's claim.

## Conclusion

It is therefore **ORDERED**:

A. The Debtor's Objections to Ms. Yagi's Proof of Claim are overruled.

B. The Clerk will mail copies of this Memorandum Opinion and Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: Aug 5 2020

Alexandria, Virginia

/s/ Brian F. Kenney
Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: August 5, 2020

Copies to:
Lee Andrew Hilgartner
1544 Springhill Road, Box 9802
Mc Lean, VA 22102
*Chapter 13 Debtor*

James A. DeVita
James A. DeVita
2111 Wilson Boulevard, Suite 700
Arlington, VA 22201
*Counsel for the Debtor*

Thomas P. Gorman
300 N. Washington St. Ste. 400
Alexandria, VA 22314
*Chapter 13 Trustee*

Alfredo Acin, VSB # 76445
OFFIT KURMAN, P.C.
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, VA 22182
*Counsel for Creditor Yasuko Yagi*

9